**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JEANNE VAN DUZER LANG & LARAMIE VAN DUZER SILBER,<br><br>*Plaintiffs*,<br><br>v.<br><br>PATIENTS OUT OF TIME *et al.*,<br><br>*Defendants*. | CASE NO. 3:20-cv-55<br><br><br>MEMORANDUM OPINION<br><br><br><br>JUDGE NORMAN K. MOON |

This case comes before the Court on Plaintiffs' motion for the Court to reconsider its previous dismissal of their breach of contract claim (Count 2 of the Complaint) and the Court's subsequent denial of their Motion for Leave to Amend with respect to the same breach of contract claim, Dkt. 136. For the following reasons, the Court will grant this motion.

**I.   Standard of Review**

The Fourth Circuit has recognized motions to reconsider as "extraordinary" and "only to be invoked upon a showing of exceptional circumstances." *Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979) (internal citations omitted). Other courts within the Circuit have recognized such a motion may be appropriate when:

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Above the Belt, Inc. v. Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).

**II.   Analysis**

Plaintiffs ask the Court to reconsider dismissal of the contract count, based on evidence produced during discovery. Dkt. 136. Plaintiffs argue that Defendant Mary Lynn Mathre's

March 22, 2023 deposition "as well as three critical documents developed in discovery, establish the validity of Plaintiffs' breach of contract claim and warrant reconsideration and reversal of this Court's denial of Plaintiff's motion to file an Amended Count 3." Dkt. 136-1 at 4–5.

Defendants insufficiently respond to the merits of Plaintiffs' argument, instead focusing on procedural defects that appear inapplicable to the motion at hand. Defendants argue that because Fed. R. Civ. P. 60(c) requires that any motion filed under Fed. R. Civ. P. 60(b) be filed no more than a year from the entry of judgment or order, Plaintiffs' motion for reconsideration of the July 9, 2021 order, filed April 27, 2023, should be dismissed. Dkt. 143. But Plaintiffs sought reconsideration of their September 16, 2022 Order. Dkt. 136. And the Court's July 9, 2021 Order dismissing the breach of contract claim without prejudice, Dkt. 60, was not a final order but an interlocutory order, therein falling under Fed. R. Civ. P. 54(b) instead of Fed. R. Civ. P. 60(b). Regarding the merits of the Motion, "Defendants do not oppose (but do not consent to) the relief being sought." Dkt. 143 ¶ 14. Defendants state that they "take no position on the underlying substance of the Motion," going on to say that "there may be some factual support for the relief requested, but it is procedurally barred." *Id.* ¶ 17.

"Under New Jersey law, a party must prove the existence of a contract by showing that: '(1) there was a meeting of the minds; (2) there was an offer and acceptance; (3) there was consideration; and, (4) there was certainty in the terms of the agreement.'" *Allen v. Bloomingdale's, Inc.*, 225 F. Supp. 3d 254, 258 (D.N.J. 2016) (internal citation omitted). The R&R adopted by the Court recognized that the alleged facts "d[id] not speak to whether POT (acting through Mathre or another agent) shared Plaintiffs' understanding of [the contract] terms and *objectively* manifested an intent to be bound by them." Dkt. 97 at 28 (citing *Weichert Co. Realtors v. Ryan*, 608 A.2d 280, 284) (N.J. 1992); *Brawer v. Brawer*, 747 A.2d 790, 795–96 (N.J. Super. Ct. App. Div. 2000)) (emphasis in original).

However, discovery, particularly Mathre's deposition, proffered new facts, which raise a plausible inference that there was a meeting of the minds:

> Q.  Did the board approve POT's hiring of Jeanne and Laramie?
>
> A.  Yes. . . .
>
> Q.  So when they were brought on in their roles of COO and chief of staff, they were not brought on as volunteers, correct?
>
> A.  Correct, that was for them to be paid.
>
> Q.  $20 an hour, correct?
>
> A.  Correct. . . .

Dkt. 136-1 at 20 (quoting Mathre Dep. 47–48).

> Q.  During the time period of 2015 through 2019, was Laramie Silber performing services for POT pursuant to the contract that was executed in 2015?
>
> A.  Yes.
>
> Q.  During the period of 2015 through 2019, was Jeanne Lang performing services for POT pursuant to the contract she's executed in 2015?
>
> A.  Yes.

Dkt. 136-1 at 10–11 (quoting Mathre Dep. at 60).

> Q.  And Ms. Lang was appointed as project manager until February 28, 2015, to get 2012 conference videos edited, doing evaluations online, and building a database of attendees.[] Do you see that?
>
> A.  Yes.
>
> Q. And that contract was approved, correct?
>
> A.  Yes.
>
> Q.  And Ms. Lang and Ms. Silber continued working in those capacities until you terminated them in May of 2019, correct?
>
> A.  Correct, when I ended their contracted work.

>    Q.   And when you ended their contracted work, you were referring to these contracts that were approved in January of 2015, correct?
>
>    A.   Correct.

Dkt. 136-1 at 11 (quoting Mathre Dep. at 68).

New Jersey follows "the objective theory of mutual assent," meaning that "a contracting party is bound by the apparent intention he [or she] outwardly manifests to the other contracting party." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 421 F. Supp. 2d 831, 834 (D.N.J. 2006) (citing *Cohn v. Fisher*, 287 A.2d 222, 225 (N.J. Super. Ct. Law Div. 1972)). While the R&R recognized that the alleged facts at the time of the original complaint and proposed amended complaint did not speak to whether there was a meeting of the minds, Mathre's deposition language, cited above, allows for a plausible inference that POT objectively manifested an intent to be bound by the contract terms.

Further, regarding certainty of terms, deposition testimony allows for a plausible inference that reasonable plaintiffs would believe the 2014 contracts were in effect and the Plaintiffs would be paid when POT had the money. The R&R recognized that the allegations in the proposed amended complaint support a plausible inference that the purported contract's terms were sufficiently certain as to "'the fees that were to be paid,' by POT for each Plaintiff's continued services to the organization" and "each Plaintiff kept providing those services because, notwithstanding her written agreement's finite duration, she *subjectively* believed the contract's price terms bound POT indefinitely." Dkt. 97 at 27 (emphasis in original) (internal references omitted). Now, Mathre's deposition allows for a plausible inference that "POT (acting through Mathre or another agent) shared Plaintiffs' understanding of those terms and *objectively* manifested an intent to be bound by them." *Id.* at 28 (emphasis in original) (internal references omitted).

Also, deposition testimony supports that "POT had the money after the 2019 conference" but they were never paid. Dkt. 136-1 at 12–13. Plaintiffs contend that in May 2019 the POT bank account fluctuated between $156,000 and $179,000. *Id.* at 13. In their earlier amended complaint, Plaintiffs alleged that they "perform[ed] more than 19,000 combined hours 'for POT from 2015 to 2019,' and that Defendants 'failed to pay Plaintiffs over $287,000' for this work." Dkt. 97 at 25 (internal references omitted). Thus, the Court will grant the motion for reconsideration.

### V. Conclusion

For the foregoing reasons, the Court will grant Plaintiffs' motion for reconsideration.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and accompanying Order to all counsel of record.

Entered this ___8th___ day of June, 2023.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE