# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JEANNE VAN DUZER LANG, *et al.*,<br><br>                      *Plaintiffs*,<br>      v.<br><br>PATIENTS OUT OF TIME, *et al.*,<br><br>                      *Defendants*. | CASE NO. 3:20-cv-00055<br><br>MEMORANDUM OPINION<br>AND ORDER<br><br>JUDGE NORMAN K. MOON |

      This matter comes before the Court on Plaintiffs Jeanne Van Duzer Lang and Laramie Van Duzer Silber's motions to reconsider. On September 16, 2022, this Court adopted Judge Hoppe's Report and Recommendation, which, *inter alia*, concluded that Plaintiffs' request to add New Jersey Wage Theft Act claims ("WTA") against all defendants should be denied as futile. Almost a year later, on September 1, 2023, this Court granted in part and denied in part Defendants' motion for summary judgment. As a part of that decision, the Court accorded Patients Out of Time's ("POT") directors—previous defendants in this case—immunity under Virginia's Nonstock Corporation Act. Plaintiffs now ask the Court to reconsider these past decisions. For the reasons articulated below, the Court will deny Plaintiffs' motion to reconsider the Court's grant of immunity to POT's directors; meanwhile, the Court will take under advisement Plaintiffs' motion to reconsider the Court's denial of leave to file an amended complaint as to their New Jersey WTA claims.

## APPLICABLE LAW

      Before considering Plaintiffs' substantive arguments in support of reconsideration, the Court must first determine whether their motions are appropriate. Federal Rule of Civil

1

Procedure 54(b) allows a district court to revise "any order or other decision … that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties … at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The Court has "distilled the grounds for a Rule 54(b) motion for reconsideration to (1) an intervening change in the law, (2) new evidence that was not previously available, or (3) correction of a clear error of law or to prevent manifest injustice." *Wootten v. Commonwealth*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016).

"The ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003). Therefore, "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Id.* at 514 (citation omitted). Indeed, "every order short of a final decree is subject to reopening at the discretion of the district judge." *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983).

Nevertheless, such motions are disfavored and should be granted "sparingly." *Downie v. Revco Disc. Drug Ctrs., Inc.*, No. 3:05–CV–00021, 2006 WL 1171960, at *1 (W.D. Va. May 1, 2006). "[I]mproper use of the motion to reconsider can waste judicial resources and obstruct the efficient administration of justice." *United States v. Duke Energy Corp.*, 218 F.R.D. 468, 474 (M.D.N.C. 2003) (citation omitted). Accordingly, reconsideration is "inappropriate where it merely reiterates previous arguments." *Univ. of Va. Patent Found. v. Gen. Elec. Co.*, 755 F. Supp. 2d 738, 744 (W.D. Va. 2011). It is not an occasion "to present a better and more compelling argument that the party could have presented in the original briefs," *Madison River Mgmt. Co. v. Bus. Mgmt. Software Corp.*, 402 F. Supp. 2d 617, 619 (M.D.N.C. 2005), or to "introduce evidence that could have been addressed or presented previously." *Regan v. City of*

*Charleston, S.C.*, 40 F. Supp. 3d 698, 702 (D.S.C. 2014). Put differently, aggrieved parties may not "put a finer point on their old arguments and dicker about matters decided adversely to them." *Evans v. Trinity Indus., Inc.*, 148 F. Supp. 3d 542, 546 (E.D. Va. 2015) (citation omitted). In sum, "a party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider." *Duke Energy*, 218 F.R.D. at 474.

## ANALYSIS

### I. Plaintiffs' motion to reconsider the grant of immunity to POT's directors is an inappropriate attempt to relitigate the issue.

Pursuant to Rule 54(b), Plaintiffs ask the Court to reconsider its ruling, *see* Dkt. 168, that the Virginia Nonstock Corporation Act ("VNCA") shields POT's directors from liability. *See* Dkt. 170. They claim that the Court's previous holding was a "clear error of law." *Id.* at 4. In support of this proposition, they cite two cases—one from a bankruptcy court, *In re LandAmerica Financial Group Inc. v Alpert*, 470 B.R. 759 (E.D. Va. 2012), and another from the Eastern District of Virginia, *DCG&T ex rel Battaglia/Ira v. Knight*, 68 F. Supp. 3d 579 (E.D. Va. 2014)—interpreting the Virginia Stock Corporation Act, a statute similar to the VNCA. Dkt. 170 at 5–8. Those decisions define "willful misconduct" as including an intentional failure to act—a definition Plaintiffs aver conflicts with this Court's ruling.[1] *Id.* at 8.

However, even if Plaintiffs' contention was true, their motion to reconsider is inappropriate; Plaintiffs' motion is merely an attempt to "reiterate[] previous arguments." *Univ. of Va. Patent Found.*, 755 F. Supp. 2d at 744. Earlier, in their brief in opposition to Defendants' motion for summary judgment, Plaintiffs critiqued Defendants' "dummy director defense"—i.e.,

---

[1] Notably, Plaintiffs' characterization of the Court's holding is misleading. They ignore the Court's determination that POT's directors' inaction *was not intentional*—a conclusion that would still satisfy the test advocated by Plaintiffs in their motion to reconsider. Dkt. 168 at 16.

3

an argument that nonprofit directors can protect themselves from liability by sticking their heads in the sand and ignoring illegal conduct. Dkt. 163 at 9–11. This argument is materially similar to the one made in Plaintiffs' motion to reconsider. *See* Dkt. 170 at 9 (claiming that an "intentional act or omission" constitutes "willful misconduct"). To be sure, Plaintiffs were relying on New Jersey law in their prior "dummy director defense" discussion, *see* Dkt. 163 at 9–11, but they could have easily included the two Virginia cases referenced above. Yet, they did not; rather, Plaintiffs now—at this late hour—endeavor to "put a finer point on their old arguments." *Evans*, 148 F. Supp. 3d at 546. This will not do.

Moreover, Plaintiffs have not shown that the Court's prior decision was a clear error of law. Plaintiffs have not identified any controlling decision this Court missed. Instead, they rely solely on cases which are not binding on this Court. In sum, the Court's previous decision was not a clear error of law, so Plaintiffs' request for reconsideration is denied.

## II. In contrast, the Court will take under advisement Plaintiffs' motion to reconsider the Court's denial of leave to file an amended complaint as to their New Jersey WTA claims.

Plaintiffs contend that there has been a "change in the law" as to whether they can take advantage of the Wage Theft Act since the Court adopted Judge Hoppe's Report and Recommendation in 2022. *Wootten*, 168 F. Supp. 3d at 893; Dkt. 101. Previously, Judge Hoppe determined that allowing Plaintiffs to make use of the WTA, which went into effect *after Plaintiffs were fired*, would give the WTA retroactive effect. Dkt. 97 at 18. Since that decision, the New Jersey Appellate Division—the second highest appellate court in the state—held that the WTA applies to any case filed after the effective date of the law, regardless of whether the relevant conduct occurred before the effective date. *See Maia v. IEW Constr. Grp.*, 291 A.3d 280 (N.J. App. Div. 2023), *leave to appeal granted*, 255 N.J. 282 (2023). Previously, no appellate

4

court in New Jersey had addressed the issue. *Id.* at 286. As a result, Plaintiffs assert that there has been a subsequent change in the law.

The Court agrees with Plaintiffs' contention. The New Jersey Appellate Division created precedent when it held that the WTA—and its changes[2]—applies to any case that is filed after its effective date. *Id.* at 286–87 (quoting *W.S. v. Hildreth*, 252 N.J. 506, 522 (2023)) ("'Applying the law in effect at the time a complaint is filed ... is not applying a statute retroactively; it is applying a statute prospectively to cases filed after its effective date.'"). And that holding stands in direct contrast to the Report and Recommendation and the decisions cited within it. *See* Dkt. 97; Dkt. 101 (adopting the Report and Recommendation).

So, in light of the Court's continuance of the trial in this case, Dkt. 177, and noting that the Supreme Court of New Jersey has accepted an appeal in *Maia v. IEW Construction Group*, *see* 255 N.J. 282 (2023), the Court will take Plaintiffs' motion under advisement. The parties should keep the Court apprised of any developments in the *Maia* appeal.

## CONCLUSION

For the above reasons, Plaintiffs' motion to reconsider the grant of immunity to POT's directors is **DENIED**. Dkt. 170. However, the Court will take Plaintiffs' motion to reconsider the Court's denial of leave to file an amended complaint as to their New Jersey WTA claims under advisement. Dkt. 169.

It is so **ORDERED**.

---

[2] Specifically, Plaintiffs would like to take advantage of the WTA's grant of liquidated damages to parties bringing suit under the New Jersey Wage Payment Law. N.J. Stat. Ann. § 34:11-4.10 (allowing for liquidated damages up to an amount equal to 200% of a party's actual damages, court costs, and attorney's fees).

The Clerk of Court is directed to send this Memorandum Opinion & Order to all counsel of record.

Entered this 1st day of November 2023.

                                                                NORMAN K. MOON
                                                                SENIOR UNITED STATES DISTRICT JUDGE